IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| GREGORY LEON JACKSON, | : | |
| Petitioner, | : : | |
| VS. | : : | CASE NO. 5:14-CV-209-MTT-MSH 28 U.S.C. § 2254 |
| STATE OF GEORGIA, | : : | |
| Respondent. | : : | |

## REPORT AND RECOMMENDATION

Presently pending before the Court is Respondent's motion to dismiss Petitioner's application for writ of habeas corpus. (ECF No. 7.) For the reasons explained below, it is recommended that Respondent's motion be granted and Petitioner's petition (ECF No. 1) be dismissed.

## BACKGROUND

On May 24, 2011, Petitioner was found guilty of aggravated child molestation, three counts of child molestation, and sexual battery as a lesser included offense of the fourth count of child molestation by a Bibb County jury. (Pet'r's State Court Docs. 58-59, ECF. No. 1-1.) Petitioner was sentenced to a total of thirty years imprisonment followed by probation for life on all of the convictions. (*Id*. at 63-67.) Petitioner filed a motion for new trial on June 8, 2011, which was then amended on April 22, 2013 and again on September 26, 2013. (*Id*. at 73-76, 82-83.) The trial court denied Petitioner's motion for new trial on January 24, 2014. (*Id*. at 84-98.) Petitioner filed a notice of

appeal on February 17, 2014.  (*Id.* at 5-6.)  The direct appeal of Petitioner's convictions was docketed on March 26, 2014 with the Court of Appeals of Georgia.  (*Jackson v. State*, No. A14A1374 (Ga. App., docketed March 26, 2014.)  According to the Court of Appeals' docket, that appeal remains pending.  (*Id.*)

Petitioner filed this petition on June 5, 2014.  (ECF No. 1.)  Respondent responded and filed a motion to dismiss the Petition on August 15, 2014.  (ECF Nos. 6 & 7.)  In the motion, Respondent argues that the Petition should be dismissed as premature because his convictions are not yet "final" based upon his pending appeal or alternatively for failure to exhaust his administrative remedies because no state court has yet reviewed the claims presented.  (Resp't's Mot. to Dismiss 2.)  Petitioner failed to respond to the motion as ordered by the Court.  The motion is now ripe.

## DISCUSSION

Respondent contends that Petitioner's application for habeas relief should be dismissed because he has failed to exhaust his available state remedies.  (*Id.* at 3-4.)  Respondent notes that Petitioner has filed an appeal to the Georgia Court of Appeals, which remains pending.  (*Id.* at 2.)  Again, petitioner did not respond to the motion.

"Federal courts sitting in habeas are not an alternative forum for trying facts and issue which a prisoner made insufficient effort to pursue in state proceedings."  *Williams v. Taylor*, 529 U.S. 420, 437 (2000).  Accordingly, 28 U.S.C. § 2254(b)(1)(A) prohibits a court from granting an application for a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State."  *See also Trevino v. Thaler*, -- U.S. --, 133 S. Ct. 1911, 1922 (2013) ("[A] state prisoner [who] fails to exhaust state

remedies . . . [or] has failed to meet the State's procedural requirements for presenting his federal claims will not be entitled to federal habeas relief unless he can show 'cause' to excuse his default.") (internal quotation marks and citation omitted) (alterations in original); *Holland v. Florida*, 560 U.S. 631, 648 (2010) ("A petitioner cannot bring a federal habeas claim without first exhausting state remedies[.]").  "A petitioner cannot satisfy the exhaustion requirement if, with certain exceptions that are not applicable in this case, he has failed to avail himself of any available procedure by which he has the right to raise his claim in state court." *Gore v. Crews*, 720 F.3d 811, 815 (11th Cir. 2013) (internal quotation marks and citation omitted).  "If a petitioner fails to exhaust his state remedies, a district court must dismiss the petition without prejudice to allow for such exhaustion." *Id.* (citations omitted).

It is undisputed that the grounds asserted by Petitioner in his federal habeas petition have not been ruled upon by any state appellate or habeas court.  Petitioner has filed an appeal of his convictions and sentence with the Georgia Court of Appeals, but he has not received a ruling on that appeal. (*See Jackson v. State*, No. A14A1374 (Ga. App., docketed March 26, 2014.)  Consequently, Petitioner has not exhausted his available state remedies as required prior to this Court considering his federal application for habeas relief.  It is recommended that Respondent's motion to dismiss be granted and Petitioner's application for a writ of habeas corpus be dismissed to allow Petitioner to exhaust his state remedies.

## CONCLUSION

WHEREFORE it is recommended that Respondent's motion to dismiss be

GRANTED and Petitioner's application for a writ of habeas corpus be DISMISSED without prejudice.  Pursuant to 28 U.S.C. § 636(b)(1), the Petitioner may serve and file written objections to this recommendation with the United States District Judge within fourteen (14) days after being served a copy of this recommendation.

SO RECOMMENDED, this 3rd day of October, 2014.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE