**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **GREGORY LEON JACKSON,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO. 5:14-CV-209 (MTT)** |
| | ) | |
| **STATE OF GEORGIA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

**ORDER**

Before the Court is the Recommendation of Magistrate Judge Stephen Hyles. (Doc. 9).  The Magistrate Judge recommends granting the Respondent's motion to dismiss (Doc. 7) and dismissing the Petitioner's application for writ of habeas corpus (Doc. 1) because the Petitioner has failed to exhaust his available state remedies.  The Magistrate Judge found the Petitioner's direct appeal of his convictions is still pending. The Petitioner has not objected to the Recommendation.

The Court has reviewed the Recommendation, and the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge.  The Recommendation is **ADOPTED** and made the order of this Court.  Accordingly, the Respondent's motion to dismiss (Doc. 7) is **GRANTED** and the Petitioner's application for writ of habeas corpus (Doc. 1) is **DISMISSED without prejudice**.

## CERTIFICATE OF APPEALABILITY

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a Certificate of Appealability ("COA").  28 U.S.C. § 2253(c)(1)(A).  As amended effective December 1, 2009, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a [COA] when it enters a final order adverse to the applicant," and if a COA is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."

Pursuant to 28 U.S.C. 2253(c)(2), a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  This requires a demonstration that "jurists of reason could disagree with the district court's resolution of [a petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  When the Court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, as in this case, the petitioner must show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling"; and (2) "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  The Petitioner has not made these showings.  Therefore, the Petitioner is **DENIED a COA**.  Additionally, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith.  See 28 U.S.C.

§ 1915(a)(3).  Accordingly, any motion to proceed *in forma pauperis* on appeal is

**DENIED**.

SO ORDERED, this 1st day of December, 2014.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT